## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

Case No.: 16-11300 AJC
Chapter 11

In re:
Jeremy Clyde Green

         Debtor.
_____/

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE AND FOR REVOCATION OF THE CONFIRMATION ORDER

The United States Trustee for Region 21 (the "UST") respectfully submits this Motion to Convert or Dismiss the Chapter 11 case of Jeremy Clyde Green ("Debtor"), pursuant to 11 U.S.C. § 1112(b), and in support thereof states as follows.

### RELEVANT BACKGROUND

1. On January 29, 2016, the Debtor commenced this proceeding by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. (ECF 1).

2. The Debtor's chapter 11 Plan was confirmed on April 8, 2019 ( ECF 137).

3. The case was temporarily closed prior to entry of discharge on June 14, 2019(ECF 145).

4. The case was reopened on September 2, 2021, purportedly after the Debtor completed his plan payments.

5. The case has remained open for nearly a year with no progress made towards closing the case. A review of the docket in the case reveals that absolutely no activity has occurred since the entry of the Order reopening the case.

6. The Debtor has failed to file a single Post Confirmation Report since the case was reopened or pay Quarterly US. Trustee Fees.

1

7.  The Confirmation Order provides in part as follows:

> The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6), through Confirmation, within fourteen (14) business days of entry of this Confirmation Order. The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court or pursuant to the early case closing procedures set forth below, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

8.  The Debtor is several months delinquent in filing his operating reports. The Debtor failed to file his report for the period ending September 2021, as well as the post confirmation reports for the Fourth Qtr. 2021 (October through December 2021); First Qtr. 2022 (January through March 2022); and the Second Qtr. 2022 will be due shortly. The Debtor owes an estimated $750 for past due US Trustee Fees through the end of 1st Quarter 2022 and another $250 (estimated) will be due at the end of June, 2022 and each quarter thereafter.

9.  The Debtor has failed to abide by the terms of the Confirmation order and counsel for the Debtor has now filed a Motion to Withdraw (ECF 155).

I.  **DISMISSAL OR CONVERSION OF THE CASE IS APPROPRIATE.**

Dismissal or conversion of Chapter 11 cases are governed by Section 1112(b) of the Bankruptcy Code, which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *See* 11 U.S.C. § 1112(b). The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify conversion including, but not limited to, the following:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to the case under [Chapter 11];
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.SC. § 1112(b)(4). The examples set forth in this subsection are meant to be nonexclusive.

*See In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007).

In this case, the record supports a finding of cause, at a minimum, under Sections 1112(b)(4)(B)( E)(F)(M) and (N) at a minimum.

The Debtor has exhibited an inability to proceed. The Debtor has been delinquent in the filing of his reports and delinquent in payment of UST Fees[1]. The Debtor has shown no financial ability to evidence substantial consummation of the Plan. Therefore, pursuant to 11 U.S.C. § 1112(b) in general as well as Sec. 1112(b)(4)(B)(E )(F)(M) and (N), the above detailed actions

---

[1] The UST Fee invoices generated in the case were based on estimated disbursements because of the Debtor's failure to file a single operating report since the entry of the Confirmation Order.

3

alone are sufficient cause for dismissal or conversion of a Chapter 11 case and revocation of the confirmation order. The UST reserves the right to present additional examples and evidence for cause to dismiss or convert this case at a hearing to consider this matter.

**WHEREFORE**, based upon the foregoing, the UST respectfully requests that this Court enter of an order dismissing the above-captioned Chapter 11 case or convert this case to a case under Chapter 7 and revoking the order of confirmation, and grant such other further relief as may be just and proper.

Respectfully submitted,

Mary Ida Townson
United States Trustee, Region 21

_____/s/_____
Steven D. Schneiderman
Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, Florida 33130
(305) 536-7285
Steven.D.Schneiderman@usdoj.gov

4

5
**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the attached **U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE AND REVOKE CONFIRMATION** was sent via CM/ECF to those parties denoted by an * and via U.S. Mail, properly addressed and with correct postage to the following:

- Jeffrey S. Berlowitz    jsb@jberllaw.com, jortega@siegfriedrivera.com
- Andrea S. Hartley    andrea.hartley@akerman.com, janet.salinas@akerman.com
- Michael S Hoffman    Mshoffman@hlalaw.com, hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com
- John E Page    jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- Steven G. Powrozek    spowrozek@logs.com, LOGSECF@logs.com
- Jeffrey S Robin    jeffrey.robin@akerman.com, joyce.williams@akerman.com
- Matthew Tillma    matt.ecfiling@gmail.com, Notices.Bonial@ecf.courtdrive.com;POCInquiries@BonialPC.com

Jason R Marks
201 S Biscayne Blvd, 17 Fl
Miami, FL 33131

Robert J. Merlin
95 Merrick Way #420
Gables, FL 33134

Miami-Dade County Tax Collector
200 NW 2 AVE #430
Miami, FL 33128

**Jeremy Clyde Green**
2800 Royal Palm Ave.
Miami Beach, FL 33140

    Done this the 15th day of June 2022.

    I hereby certify that I am admitted to the Bar of the State of Illinois and I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(B)(2)(b) pertaining to attorneys representing the United States government.

                                                         /s/
                                             Steven D. Schneiderman
                                             Trial Attorney